UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00325-GNS

JAMES WILLIAM HOOTEN                                                    PLAINTIFF

v.

SYDNIE NICOLE BRIGHT et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 6).  The motion is ripe for adjudication.

## I.    BACKGROUND

Plaintiff James William Hooten ("Hooten") filed this pro se civil rights action relating to his arrest and criminal charges arising from a dispute with a private party.  (Compl. 1-8, DN 1).  In the Complaint, Hooten purports to assert violations of his Fourth, Seventh, and Fourteenth Amendment rights by Defendants Sydnie Nicole Bright, Jefferson Circuit Court (Kentucky) Judge Susan Schultz Gibson, Assistant Commonwealth's Attorney J. Maxwell Gosman, and Attorney Mary Rives Chauvin ("Chauvin").  (Compl. 2-5).

Chauvin moved to dismiss the claims asserted against her under Fed. R. Civ. P. 12(b)(6).  No response was filed.

## II.    STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has advised courts to review *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," but this does not mean a court should fill in absent arguments or create claims on a *pro se* plaintiff's behalf, thus becoming an advocate for the party. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. [*Gordon v. Leeke*, 574 F.2d 1147 (1978),] directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers.").

### III. DISCUSSION

The proper avenue for asserting a constitutional violation is to assert a claim under 42 U.S.C. § 1983. To state such a claim, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (internal quotation marks omitted) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011)).

As a general rule, "[a] plaintiff may not proceed under [Section] 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584,

2

590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).  The Sixth Circuit has expressly held that "[p]rivate attorneys are not considered to be state actors for purposes of [Section] 1983." *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Dodson*, 454 U.S. at 318 ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of [Section] 1983."); *McGhan v. Kalkaska Cnty. Dep't of Hum. Servs.*, No. 1:08-CV-1113, 2009 WL 2170151, at *13 (W.D. Mich. July 20, 2009) ("Attorneys fulfill a private function in representing their clients and do not act as agents of the state."  (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981))).  Therefore, since Chauvin is a not a state actor, she cannot be liable under Section 1983.

The Fourth Amendment protects against illegal government searches and searches.  *See* U.S. Const. amend IV.  This amendment, however, does not apply to the actions of private actors, and therefore, Hooten has failed to state a Fourth Amendment violation by Chauvin.  *See United States v. Kendall*, No. 0:18-CR-19-DLB, 2019 WL 7593893, at *1 (E.D. Ky. Aug. 30, 2019); *see also Carpenter v. United States*, 585 U.S. 296, 386 (2018) (Alito, J., dissenting) ("The Fourth Amendment restricts the conduct of the Federal Government and the States; it does not apply to private actors.").

The Seventh Amendment provides a right to a jury trial in civil cases.  *See* U.S. Const. amend. VII.  The Supreme Court has held that "[t]he Seventh Amendment[] [] governs proceedings in federal court, but not in state court . . . ." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996) (citing *Walker v. Sauvinet*, 92 U.S. 90, 92 (1876)).  Thus, in addition to Chauvin not being a state actor, Hooten has failed to state a Seventh Amendment violation relating to a state court matter.

Finally, the Fourteenth Amendment, *inter alia*, prohibits a state from violating a person's due process and equal protection rights.  *See* U.S. Const. amend. XIV; *see Shelley v. Kraemer*, 334 U.S. 1, 23 (1948) ("[I]t is clear that the matter of primary concern [of the framers of the Fourteenth

Amendment] was the establishment of equality in the enjoyment of basic civil and political rights and the preservation of those rights from discriminatory action on the part of the States based on considerations of race or color.").  As the Sixth Circuit has explained, "the Fourteenth Amendment still applies only to state—not private—conduct." *Phillips v. Tangilag*, 14 F.4th 524, 532 (6th Cir. 2021) (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982)).  "That Amendment erects no shield against merely private conduct, however discriminatory or wrongful."  *United States v. Morrison*, 529 U.S. 598, 621 (2000) (internal quotation marks omitted) (quoting *Shelley*, 334 U.S. at 13 n.12).  Accordingly, Hooten has failed to state a violation of his Fourteenth Amendment rights by Chauvin.

For these reasons, Hooten has failed to state a claim against Chauvin.  The motion is granted.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 6) is **GRANTED**, and Hooten's claims against Chauvin are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

August 20, 2025

cc:    Plaintiff, *pro se*
       counsel of record

4